AGUIRRE & THILLET, sustituída por FÉLIX A. THILLET, demandante y apelado, *v.* GUILLERMO CABÁN, GERVASIO SÁNCHEZ GONZÁLEZ y PABLO LANDRÁU, demandados y apelantes los dos últimos.

Núm. 8472.—*Sometido:* Diciembre 15, 1942.   *Resuelto:* Enero 15, 1943.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de los apelantes; *Francisco M. Susoni, Jr.,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Este caso envuelve la venta condicional de un automóvil a un comprador, quien en pago otorgó una serie de pagarés por los plazos en descubierto. Los apelantes, quienes eran los fiadores de tales pagarés, alegan que la corte de distrito erró al dictar sentencia contra ellos en un pleito ordinario para el cobro de la cantidad aún adeudada sobre dichos pagarés.

La única defensa de los apelantes fué que ellos llevaron a cabo un convenio expreso con la vendedora mediante el cual ellos recuperarían el automóvil del comprador y lo entregarían a la vendedora, la cual lo repararía y vendería, y abonaría la cantidad recibida a los pagarés, bajo el entendido de que ellos continuarían obligados a satisfacer el balance si alguno existiese después de efectuada la venta; que así lo hicieron, entregando el automóvil, pero que la vendedora, aunque por varios meses ha continuado en posesión del carro, no lo ha vendido.

Los apelantes arguyen con gran fuerza y citan numerosas autoridades para sostener su contención de que la vendedora estaba obligada a revender dentro del período estatutario el automóvil que había reposeído (Secciones 6 y 8 de la Ley Núm. 61, Leyes de Puerto Rico, 1916, tal como ha sido enmendada, que se encuentra en el Código Civil (ed. 1930) a las páginas 414, 16, 20), o si el estatuto no fuera aplicable a reposición extrajudicial, dentro de un período razonable; y que no habiéndose efectuado tal reventa, los fiadores del comprador no quedan obligados en cuanto al resto del precio de compra.

Pero el argumento de los apelantes está basado en un hecho que la corte de distrito resolvió no existía; esto es, la reposesión del automóvil por el vendedor.

La corte de distrito concluyó, a base de evidencia contradictoria, no que el vendedor hubiese reposeído el automovil, sino que el mismo había sido entregado por los fiadores al

dueño de un garage llamado Barreras "con la conformidad del demandante Thillet en la esperanza de que el primero [Barreras] lo reparara y tratara de conseguir el mejor precio posible como medio para ayudar a los fiadores demandados y hacer menos onerosa su obligación para con la parte demandante". Por lo tanto no vemos la necesidad de pasar sobre la alegada elección de remedios y la alegada necesidad de una pronta reventa como resultado de la reposesión por un vendedor condicional.

Habiendo la corte de distrito resuelto, en efecto, que Barreras era el agente de los apelantes, el haber dejado éste de reparar y vender el automóvil y de remitir al vendedor lo obtenido en la venta no constituye una buena defensa en un pleito ordinario para el cobro de la obligación garantizada por los apelantes.

No se cometió error al permitir que el apelado fuese sustituído en lugar de la vendedora original, toda vez que se probó que el apelado había adquirido por cesión el derecho de acción (*chose in action*) aquí envuelto.

*La sentencia de la corte de distrito será confirmada.*